| | |
|---|---|
| 1 | **LAW OFFICES OF STUART E. FAGAN** |
| 2 | STUART E. FAGAN, Cal. State Bar No. 152732<br>P.O. Box 365<br>Wheaton, Illinois 60187 |
| 3 | Telephone: (858) 220-9601<br>Email: sfagan@sfaganlaw.com |
| 4 | |
| 5 | Attorney for Plaintiffs |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| LUIS SOSA GUERRERO, ASHLEY SOSA, and A.S., a minor, by and through her general guardian, ASHLEY SOSA, | No.<br><br>COMPLAINT; DEMAND FOR TRIAL BY JURY |
| Plaintiffs, | |
| v. | |
| CAMP PENDELTON & QUANTICO HOUSING, LLC, a Delaware limited liability company; and LPC PENDELTON QUANTICO PM, LP, a Delaware limited partnership; LIBERTY MILITARY HOUSING HOLDINGS, LLC, a Delaware limited liability company, | |
| Defendants. | |

# I.
# INTRODUCTION

1. Defendants own and operate military housing properties in San Bernardino County. Defendants provide housing to members of the United States military, including members of the Marines.

2. This action seeks monetary and declaratory relief against defendants for discriminating against individuals in the rental of a dwelling because of a person's handicap in violation of the Fair Housing Act of 1968, as amended, 42 U.S.C. §§3601 *et seq.*, and related state laws.

# II.
# JURISDICTION AND VENUE

3. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §1331 in that the claims alleged herein arise under the laws of the United States. This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear and determine plaintiffs' state law claims because those claims are related to plaintiffs' federal law claims and arise out of a common nucleus of related facts. Plaintiffs' state law claims are related to plaintiffs' federal law claims such that those claims form part of the same case or controversy under Article III of the United States Constitution.

4. Venue is proper in that the claims alleged herein arose within the City of Twentynine Palms, San Bernardino County, California.

# III.
# **PARTIES**

5. Plaintiffs Luis Sosa Guerrero and Ashley Sosa reside in Twentynine Palms, California, with their minor daughter, plaintiff A.S., who is represented herein by her natural mother and general guardian Ashley Sosa. Plaintiff A.S. has a learning disorder that substantially limits one or more major life activities. As a result, she has an Individualized Education Program.

6. Plaintiffs bring this action on behalf of themselves pursuant to the California Unfair Business Practices Act, California Business & Professions Code Sec. 17204.

7. Defendant Camp Pendelton & Quantico Housing, LLC ("Defendant Owner"), is and was at all relevant times the owner and operator of the residential community known as Adobe Flats V at Twentynine Palms Marine Corps Air Ground Combat Center ("MCAGCC"), which is located in Twentynine Palms, California.

8. Defendant LPC Pendelton Quantico PM, LP, is a Delaware limited partnership, and was the agent of Defendant Owner at all relevant times.

9. Defendant Liberty Military Housing Holdings, LLC ("Liberty Military Housing"), is a Delaware limited liability company and is the leading privatized housing provider in the multifamily industry. It provides more than 36,000 homes in over 200 communities across ten states and the District of Columbia. Since 2001, Liberty Military Housing has partnered with the United States Department of Defense to provide high-quality homes for military families to help support the readiness and

morale of the armed forces.  Liberty Military Housing manages Adobe Flats V.

10. At all relevant times, Defendant Owner was engaged in the business of renting privatized housing at the Twentynine Palms MCAGCC to members of the United States military.  Defendant advertised the privatized housing at the Twentynine Palms MCAGCC as available for rent by members of the United States military.

11. Defendant LPC Pendelton Quantico PM LP ("Defendant Property Manager"), is, and at all times herein relevant was, the property manager of the privatized housing at the Twentynine Palms MCAGCC and the agent, employee, or representative of Defendant Owner, in doing the acts or in omitting to act as alleged in this complaint, was acting within the course and scope of its actual or apparent authority pursuant to such agency or employment; or the alleged acts or omissions of it as agent or employee were subsequently ratified and adopted by Defendant Owner as principal.

12. Each defendant is sued herein individually and as doing business as Adobe Flats V.

13. Each defendant is, and at all times herein relevant was, the agent, employee, or representative of each other defendant, in doing the acts or in omitting to act as alleged in this complaint, was acting within the course and scope of his or her or its actual or apparent authority pursuant to such agency; or the alleged acts or omissions of each defendant as agent were subsequently ratified and adopted by each defendant as principal.

# IV.
# **FACTS**

14. Defendants own and operate military residential properties that house servicemembers.

15. In the operation of privatized military housing, Defendants engaged in a pattern or practice of discrimination against handicap/disabled persons, including Plaintiff A.S., on account of handicap/disability in the operation of Adobe Flat V. Defendants' pattern or practice of discrimination includes, but is not limited to:

    A. Discriminating in the terms, conditions, and privileges of the rental of a dwelling because of handicap/disability;

    B. Making or causing to be made statements with respect to the rental of a dwelling that indicate a preference, limitation, or discrimination based on handicap/disability;

    C. Failing to document or timely respond to requests for reasonable accommodation;

    D. Rejecting requests for reasonable accommodation for lack of documentation when documentation was not required, had already been provided, or the tenant was not informed that defendants wanted additional documents;

    E. Denying accommodation requests that were reasonable and necessary to allow tenants with disabilities to have an equal opportunity to use and enjoy a dwelling;

    F. Failing to make a timely, reasonable accommodation for Plaintiff A.S.'s handicap/disability.

16. In or around November 2020, Plaintiffs were approved for the United States military's Exceptional Family Member Program ("EFMP") due to their

daughter's disabilities. At that time, they were scheduled to move to Twentynine Palms MCAGCC in February 2021. As such, their EFMP coordinator sent their paperwork to Defendants to alert them of Plaintiffs' need for a reasonable accommodation. As a result, Defendants were aware of Plaintiff A.S.'s disabilities.

17. According to military practice, Plaintiffs were not to be assigned housing at MCAGCC (or the privatized housing owned and managed by Defendants) until Plaintiff Luis Sosa Guerrero checked in at his new destination. At the time, his military rank was E-6.

18. Before the Sosas moved to Twentynine Palms MCAGCC, Defendants called and said that they had a home for the Sosas, but it wouldn't meet their accommodation needs. As a result, Plaintiff Luis Sosa Guerrero told them that the assigned house was unacceptable, for it did not accommodate his daughter's needs. In spite of the military's policy that prohibits a house from being assigned to a family who does not want it, Defendants insisted upon holding the house for the Sosas over their objections.

19. When the Sosas arrived at MCAGCC in February 2021, Defendants again tried to assign the same house to them that they already had rejected.

20. Defendants thereafter offered the Sosas a house that was designated for military members whose rank was E-5. But Plaintiff Luis Sosa Guerrero recently had been promoted to the rank of E-7 in July 2021. Defendants told him that they were re-designating it to E-6 and above. But the base general had not approved the re-designation of the housing, as is required by military standards.

21. At that time, there were empty homes available at the privatized housing at MCAGCC that would have met the Sosas' daughter's accommodation needs and which were designated for Plaintiff Luis Sosa Guerrero's military rank. But Defendants wrongly claimed that he could not be assigned to those homes. Defendants further stated that the Sosas would have to live in a hotel for 3-6 months before they could properly accommodate them at the privatized housing at MCAGCC. But since the Sosas could not afford to live in a hotel for that length of time, they accepted the assignment of the house at Adobe Flats V that did not accommodate their daughter's disability-related needs. And on or about February 12, 2021, Plaintiffs entered into a written lease with Defendants for a home at Adobe Flats V.

22. Shortly after moving into the home at Adobe Flats V, Plaintiff Luis Sosa Guerrero received a promotion to rank E-7. Plaintiffs subsequently applied to move to a new home, at it was approved by the military. But Defendants tried to move them to the house that the Sosas had twice rejected.

23. Plaintiff Luis Sosa Guerrero had a co-worker who was below him in priority for housing. This co-worker was assigned a house in the privatized housing section that would have accommodated the Sosas' daughter's disability-related needs. At that time, there were 15 open homes in that section of the privatized housing. When the Sosas inquired about the 15 open homes, the Housing Director, Tacoma Anderson, said she would *never* offer an accommodating home to the Sosas. She insisted that the Sosas could pick what Defendants were offering to them (the previously-rejected home) or stay where they were at Adobe Flats V. The Housing Director, moreover, said that none of the 15 homes were available.

24. The very next day, the Housing Director, Tacoma Anderson, said she was taking away the Sosas' authorization to move and she took them off the wait list. As a result, the Sosas were no longer authorized to move to a home that would accommodate their daughter's disability-related needs.

25. But the same day, the aforementioned co-worker was offered a home, which was one of the 15 homes that the Sosas had been told were unavailable. This is in spite of the fact that the Sosas were ahead of them on the wait list. As a result, Plaintiff Luis Sosa Guerrero asked the Housing Director, Tacoma Anderson, what was going on, and she told him that they were never being allowed to move ever.

26. On or about, November 24, 2021, the Housing Director, Tacoma Anderson, told the Sosas that they could just move to town to find a place that would accommodate their needs. The Sosas, however, informed the Housing Director that that was not a reasonable alternative, for the school where their daughter was attending was better for their daughter than the school where she would be required to attend if the Sosas were to move away from Adobe Flat V.

27. On or around March 16, 2022, the EFMP manager, Amy Presson, spoke with the EFMP housing liaison, George Moore, of Liberty Military Housing, about how ridiculous this situation was and how it had escalated for no clear reason. Presson clearly spelled out the accommodation needed for Plaintiff A.S., which is a floor plan in a housing district which is within Plaintiff Luis Sosa Guerrero's rank designation. But the Regional Manager, Marie Reed, and the Housing Director, Tacoma Anderson, stated that their interpretation of the disability-related need was that the Sosas needed a three-bedroom home, which the Sosas already were living in. Despite Presson explaining the medical reasoning why that was not meeting the accommodation need,

they refused to change their interpretation. Even the base Sergeant Major got involved and recommended getting a letter from Plaintiff A.S.'s primary care manager to more clearly define what "a designated learning space separate from living and bedroom spaces" meant.

28. On March 25, 2022, Plaintiff Ashley Sosa informed the Regional Manager, Marie Reed, and the Housing Director, Tacoma Anderson, that she was obtaining a letter from Plaintiff A.S.'s EFMP case worker, Charise Risper, but they stated that they would not accept it.

29. The following week, Plaintiff Ashley Sosa contacted the EFMP case worker, Charise Risper, and lodged a complaint into the military side. The following day, she got an email from the case worker stating housing was informed they have to accept the letter.

30. On or about April 26, 2022, Defendants were forced by the military to move Plaintiffs to a new home that met their daughter's disability-related needs.

## V.
## INJURIES

31. By reason of Defendants' unlawful acts and practices, Plaintiffs have suffered emotional distress, including humiliation, mental anguish, and attendant bodily injury, including stomach aches and head aches, and otherwise sustained injury. In addition, Plaintiffs have suffered invasion of their private rights of occupation as a result of Defendants' actions, thus depriving them of the full use and enjoyment of their tenancy. Accordingly, Plaintiffs are entitled to compensatory damages.

32. In doing the acts of which Plaintiffs complain, Defendants and their agents acted with oppression, fraud, and malice, and with wanton and conscious or reckless disregard of the federally protected rights of Plaintiffs. Accordingly, Plaintiffs are entitled to punitive damages.

# VI.
# FIRST CLAIM
### (Fair Housing Act)

33. Plaintiffs reallege and incorporate by reference each paragraph previously alleged in this complaint.

34. Defendants injured plaintiffs by committing discriminatory housing practices in violation of the Fair Housing Act, 42 U.S.C. §3601 *et seq*.

# SECOND CLAIM
### (California Fair Employment and Housing Act)

35. Plaintiffs reallege and incorporate by reference each paragraph previously alleged in this complaint.

36. Defendants injured plaintiffs by committing discriminatory housing practices in violation of the California Fair Employment and Housing Act, California Government Code §§12927 and 12955 *et seq*.

# THIRD CLAIM
## (California Unruh Civil Rights Act)

37. Plaintiffs reallege and incorporate by reference each paragraph previously alleged in this complaint.

38. Defendants denied Plaintiffs full and equal access to the privatized housing at Twentynine Palms MCAGCC, which is a public accommodation, because of disability, or aided, incited, or conspired in that denial in violation of the Unruh Civil Rights Act, California Civil Code §51.

39. Pursuant to the Unruh Civil Rights Act, Plaintiffs are entitled to statutory damages, among other remedies, of up to three times their actual damages as determined by the trier of fact, but no less than $4,000.00 for each violation by defendants.

# FOURTH CLAIM
## (Unfair Business Practices)

40. Plaintiffs reallege and incorporate by reference each paragraph previously alleged in this complaint.

41. In acting as herein alleged, Defendants have engaged in a pattern or practice of unlawful discrimination in the operation of the privatized housing at Twentynine Palms MCAGCC, a business establishment, and therefore have engaged in acts of unfair competition as the same is defined in California Business & Professions Code §17204.

# FIFTH CLAIM
## (Negligence)

42. Plaintiffs reallege and incorporate by reference each paragraph previously alleged in this complaint.

43. Defendants owed plaintiffs a duty to operate the privatized housing at Twentynine Palms MCAGCC in a manner that was free from unlawful discrimination, and to hire, train, supervise, and discipline its employees and itself to fulfill that duty. Defendants violated their duties by discriminating against persons with children. Defendants' violation of their duties was the result of negligence, including, but not limited to:

   A. Defendants' negligent failure to hire persons who were familiar with the requirements of state and federal fair housing rights laws;

   B. Defendants' negligent failure to train its employees and itself regarding the requirements of state and federal fair housing rights laws;

   C. Defendants' negligent failure to supervise its employees regarding compliance with the requirements of state and federal fair housing rights laws; and

   D. Defendants' negligent failure to discipline or terminate employees who failed to comply with the requirements of state and federal fair housing rights laws.

44. As a legal result of Defendants' negligent conduct, Plaintiffs have suffered bodily and personal injury.

# VII.

# **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Luis Sosa Guerrero, Ashley Sosa, and A.S., pray for entry of judgment against Defendants that:

1. Awards compensatory and punitive damages according to proof;
2. Declares that Defendants have violated the provisions of the applicable federal and state fair housing laws;
3. Enjoins all unlawful practices complained about herein and imposes affirmative injunctive relief requiring Defendants, their partners, agents, employees, assignees, and all persons acting in concert or participating with them, to take affirmative action to provide equal housing opportunities to all tenants regardless of handicap/disability and to ensure the full enjoyment of the rights described in the Unruh Civil Rights Act;
4. Awards up to three times the amount of actual damages for each individual Plaintiff against each Defendant pursuant to the Unruh Civil Rights Act, but no less than $4,000.00 for each violation by each Defendant;
5. Awards pre-judgment interest and post-judgment interest as provided for by law;
6. Awards costs of suit herein incurred, including reasonable attorneys' fees; and
7. Awards all such other and further relief as the court may deem proper.

Dated: June 3, 2022

LAW OFFICES OF
STUART E. FAGAN

By: /s/ Stuart E. Fagan
Stuart E. Fagan
Attorney for Plaintiffs

## VIII.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby request a trial by jury.

Dated: June 3, 2022

LAW OFFICES OF
STUART E. FAGAN

By: /s/ Stuart E. Fagan
Stuart E. Fagan
Attorney for Plaintiffs